**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

Kim Lawson,

|  |  |  |
|---|---|---|
| | ) | |
| Plaintiff. | ) | Civil Action No.: |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Southeast Health | ) | |
| | ) | |
| Defendant, | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Kim Lawson, ("Plaintiff") by and through her undersigned counsel, hereby files this Complaint against Southeast Health Hospital ("Defendant") and seeks redress for discrimination suffered in her capacity as an employee of the Defendant.  The Plaintiff has been discriminated against by the Defendant on account of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, **42 U.S.C. §§ 2000e et seq**, and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

## JURISDICITON

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).

2. The unlawful employment acts and other acts alleged herein took place within the Southern Division of the Middle District of Alabama.

3. Venue is proper in this Court, the United States District Court for the Middle District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Middle District of Alabama.

## PARTIES

4. Kim Lawson, the Plaintiff, is over the age of nineteen and is domiciled in Alabama.

5. At all relevant times, Kim Lawson was an "employee" of the Defendant under Title VII.

6. The Defendant is a corporation within the state of Alabama.

7. At all relevant times, the Defendant was an "employer" under Title VII.

8. Defendant employs over 15 employees and is subject to Title VII.

## COMPLIANCE WITH JURISDICITONAL REQUIREMENTS OF TITLE VII

9. Plaintiff has complied with the jurisdictional requirements of Title VII that on to wit:  Kim Lawson caused a Charge of Discrimination in employment to be filed with the Equal Employment Opportunity Commission (hereinafter sometimes referred to as the "EEOC") in accordance with Section 705 of Title VII.

10. A notification of Right to Sue letter was issued and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue.  A copy of the notice is attached as Exhibit 1.

## GENERAL FACTS

11. Plaintiff was employed by the Defendant beginning on or around September of 2020 to work as a Physical Therapy Assistant at the Defendant's location in Dothan, Alabama.

12. Beginning on or around November of 2020, the Plaintiff began to be sexually harassed by one of her coworkers on a weekly basis.

13. Plaintiff reported these incidents to multiple employees and supervisors of the Defendant, but no action was taken on the Defendant's part.

14. On or around May 29, 2022, Kim Lawson was terminated.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,

## AS AMENDED, 42 U.S.C. §2000E ET SEQ.

### (Hostile Work Environment-Sexual Harassment)

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 above, as if fully set out herein.

16. Plaintiff is a female and a member of a protected class.

17. The conduct above herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. as Defendant has engaged in the practice of a hostile work environment against Plaintiff which male employees were not subject to.

18. Plaintiff's harasser, Daney Temis, hereafter referred to as "Temis," worked as a technician ("tech") for Center East Rehab, which is owned by Southeast Health Hospital, hereafter referred to as "Defendant."

19. Temis worked as a tech for Center East Rehab for about 15 years.

20. On or around September of 2020, Plaintiff was being trained by Temis as a Physical Therapist Assistant Tech.

21. Throughout the course of training, Temis would rub his hands up and down the sides of Plaintiff's body.

22. Throughout her employment, specifically on or around November of 2020 until March 18, 2022, Temis began making inappropriate comments towards the Plaintiff.

23. These comments included statements such as "don't get caught bending over like that."

24. On one occasion, on or around April of 2022, Temis stated to Plaintiff that he "would love to be eating her out all night."

25. On one occasion, on or around early March of 2022, Plaintiff tried to relocate her pool skirt, which Temis had found and claimed to have sniffed the crotch of it.

26. Plaintiff reported Temis' conduct several times throughout her employment to at least seven (7) Doctors of Physical Therapy, all of which she perceived as her supervisors.

27. No action was taken to prevent Temis' conduct.

28. On several occasions, when Plaintiff would do rehab in the pool with patients, Temis would make comments such as "don't get caught bending over like that."

29. On days where Chris Detter, Plaintiff's clinical manager, was not present, the harassment by Temis would escalate.

30. On or around March 18, 2022, when Detter was not on the premises, Temis waited in the locker room to the pool where Plaintiff was performing physical therapy with a patient.

31. Plaintiff knew that Temis was in the locker room and waited over an hour for Plaintiff's patient to return to the locker room.

32. Temis was angry that Plaintiff's patient arrived later than expected to the locker room, even though he did not have to be in the pool for his patient for another forty-five (45) minutes.

33. Temis would have been in the pool alone with the Plaintiff had patient come out sooner.

34. This made Plaintiff fear for her safety as she was alone and believed no one would hear her if she cried for help.

35. The Defendant, through employee Temis, created a hostile work environment based on Plaintiff's sex that was severe and pervasive enough to alter the terms of her employment.

36. Defendant's discriminatory action(s) against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States and, as such, Plaintiff is entitled to punitive damages.

37. Plaintiff suffered and continues to suffer emotional distress and other damages as a result of Defendant's unlawful discrimination.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E-3(a)

### (Retaliation)

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14.

39. On or around April 8, 2022, Plaintiff once again began to participate in a protected activity when she opposed an unlawful employment practice by reporting her coworker to a supervisor, Rhea McCord.

40. McCord emailed Chris Detter, Plaintiff's clinical manager, about the situation.

41. Detter assured Plaintiff that some course of action would be taken, and drafted statements from the Plaintiff as well as five (5) other women that claimed sexual harassment from Temis.

42. On or around April 19, 2022, Detter told Plaintiff that he told the department of physical therapy not to mention this incident and that no further questions were to be asked.

43. On or around May 29, 2022, Plaintiff was terminated from her employment.

44. Plaintiff believes that she was terminated for reporting Temis to Detter and McCord.

45. Defendant's discriminatory action(s) against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States and, as such, Plaintiff is entitled to punitive damages.

46. This adverse employment action was a direct retaliation to Plaintiff reporting Daney Temis to Chris Detter and Rhea McCord.

47. None of the adverse employment actions and/or events described within above occurred until after the Plaintiff reported Mr. Temis, as well as many other previously listed co-workers and supervisors, for harassment, giving a causal connection between the adverse employment actions or events and Plaintiff opposing an unlawful employment practice.

48. Defendant intentionally discriminated against Plaintiff by retaliating against her for opposing an unlawful employment practice.

49. Defendant's retaliatory action against Plaintiff, in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

50. Plaintiff suffered and continues to suffer emotional distress and other damages as a direct result of Defendant's unlawful retaliation.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Kim Lawson by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Kim Lawson by providing compensation for pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, punitive damages, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the court deems necessary and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands trial by jury.

Respectfully submitted,

/s/Jeremy Schatz
D. Jeremy Schatz
ASB-2400-H34Y
Attorney for Plaintiff


OF COUNSEL:
Virtus Law Group
100 41st Street South, Suite A
Birmingham, AL 35222
js@vlgal.com


CLERK: PLEASE SERVE VIA CERTIFIED MAIL:

Southeast Health
C/O Ronald S. Owen
1108 Ross Clark Circle
Dothan, AL 36301